UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                      CASE NO: 21-20005-CR-GAYLES

ALBERICO AHIAS CRESPO, et al.

    *Defendant.*
_____/

**DEFENDANT CRESPO'S OBJECTIONS
TO GOVERNMENT'S [DE #258] PROPOSED JURY INSTRUCTIONS**

Defendant, ALBERICO AHIAS CRESPO ("Mr. Crespo"), through undersigned counsel, hereby submits his objections to [DE # 258] Government's Proposed Jury Instructions.

**Government's Proposed Instruction No. 9**

Mr. Crespo objects to the Government's Proposed Instruction No. 9 ("On or About a Particular Date; Knowingly; Willfully; Generally"). *See* DE # 258 at p. 11. This proposed Government instruction modifies the Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 91A (2020). It adds an entire paragraph that is not part of the pattern instruction. This surplus paragraph instructs the jury what it may consider in determining intent. Mr. Crespo objects because the proposed modifications are unnecessary and legally incorrect. This pattern instruction is regularly given in this district, and it properly addresses the definition of "knowingly" and "willfully," which definitions are important in this case.

To be clear, Mr. Crespo objects to the Court instructing the jury that they may consider "all the circumstances of the case," and to include "the following," which then goes on to list factual matters specific to this case. For example, item labeled (1) highlights or points the jury to

1

**JOSE M. QUIÑON, P.A.**
*75 Valencia Avenue, Suite 800, Coral Gables, FL 33134 Tel. (305) 858-5700. Fax (305) 358-7848 jquinon@quinonlaw.com*

"consider" *"the Defendant's knowledge, training, and experience regarding narcotics trafficking investigations, including Oxycodone trafficking investigations conducted by members of the Southern District of Florida Health Care Fraud Strike Force."* (Emphasis added) *Id*. at p. 11. And item labeled (2) highlights or points the jury to "consider" *"whether the Defendant knew that Oxycodone trafficking investigations are investigated by federal authorities."* The suggested language places the Court in the awkward and impermissible posture of instructing the jury on the evidence it should be considering during their deliberations. This is impermissible and would constitute reversible error. It is for the jury, and the jury alone, to determine what evidence, or part thereof, it should include or exclude in arriving at its decision. The factual evidence pointed out in the Government's proposed instruction is but one of many factual pieces of evidence the jury may wish to consider in its deliberation, but it should not be highlighted over other equally relevant factual considerations. Juries are quite capable of sorting through the evidence without instructions from the Court (which carry great weight) that focus on, hint, or suggest particular facts to the exclusion of other available factual evidence. *See United States v. McCracken*, 488 F.2d 406, 414 (5 Cir. 1974). In conclusion, the pattern jury instruction in question has served well in instructing juries over a long period of time in this district. It does not need modification, and most certainly not in the manner proposed by the Government.

### Government's Proposed Instruction No. 12

Mr. Crespo objects to Government Proposed Jury Instruction No. 12 ("Conspiracy to Commit Witness Tampering"). We submit that our Proposed Jury Instruction # 1 provides a better instruction and should be the one the Court uses to instruct the jury. *See* DE # 246. There are various reasons that we object to the Government proposed No. 12. <u>First</u>, the definition of "corruptly persuade" proposed by the Government, *see* DE 3 258, p. 17, is legally inadequate. It

waters down the adjective "corruptly," to a level that it renders the definition vague and thus fails to pass constitutional muster. In short, the Government's definition debilitates the definition of "corruptly" to almost irrelevancy, and yet "corruptly" is the key component here. It is not enough to persuade. It must be done "corruptly." Therefore, the Government's definition is insufficient, and the Court should use the definition included in the defense included proposed instructions.

<u>Second</u>, The Government's proposed instruction does not include the elements of witness tampering. This should be done to assist the jury in determining if indeed there existed a conspiracy to witness tamper. For this reason, it is suggested that the elements of witness tampering be included within the conspiracy to witness tampering instruction, and not simply to have the elements of witness tampering somewhere else in the jury package. In short, the defense instruction is more helpful to the jury and is legally correct.

### Government's Proposed Instruction No. 14.

Mr. Crespo objects to the following language of Government's Proposed Instruction No. 14, on p. 22 of DE #258: "*The existence of an agreement may be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.*" This language is repetitious, unnecessary, and out of place where it is included. In fact, the instructions already cover the use of circumstantial evidence to prove a fact; *see* Government's Proposed Instruction #4, to which we have not objected).

### Government's Proposed Instruction No. 16

Mr. Crespo objects to Government's Proposed Instruction No. 16 ("Pinkerton Instruction"). If this instruction were to be given by the Court, Mr. Crespo's Due Process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution would be violated if he is convicted as to Count 8 of the Indictment.

        Respectfully submitted,

        s/*Jose M. Quinon*
        Jose M. Quinon

        JOSE M. QUINON, P.A.
        75 Valencia Avenue, Suite 800
        Coral Gables, Florida 33134
        Tel. (305) 858-5700
        Fax (786) 358-7848
        Cell (786) 348-3778
        Email: jquinon@quinonlaw.com
        *Attorney for Alberico Ahias Crespo*

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that Defendant Crespo's Objections to Government's Proposed Jury Instructions was filed on August 21, 2023, via PACER, which will serve copy on all parties of interest in this case.

        s/*Jose M. Quinon*
        Jose M. Quinon