UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20005-CR-GAYLES/TORRES

_____ D.C.

Jan 5, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

21 U.S.C. § 846
18 U.S.C. § 1512(k)
18 U.S.C. § 1512(b)(3)

UNITED STATES OF AMERICA

v.

ALBERI CO AHIAS CRESPO,

Defendant.

_____

REDACTED

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, dispensing, and possession of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or conspire to do so.

1

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations, Oxycodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Oxycodone, sometimes prescribed under the brand name OxyContin, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

5. Medical practitioners, such as physicians and nurse practitioners, who were authorized to prescribe controlled substances by the jurisdiction in which they were licensed to practice medicine, were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered with the Attorney General of the United States. 21 U.S.C. § 822(b); 21 C.F.R. § 1306.03. Upon application by the practitioner, the Drug Enforcement Administration (DEA) assigned a unique registration number to each qualifying medical practitioner, including physicians and nurse practitioners.

6. Chapter 21 of the Code of Federal Regulations, Section 1306.04, governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a

2

prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filing such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

7. All prescriptions for controlled substances had to be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a).

8. The Southern District of Florida Health Care Fraud Strike Force (hereinafter "SDFL Health Care Fraud Strike Force") consisted of interagency teams made up of federal investigators and prosecutors that focused on health care fraud and health care-related narcotics trafficking in the Southern District of Florida, including violations of federal laws and regulations described above in paragraphs 1-7.

9. West Medical Office, Inc. ("West Medical") was a corporation organized under the laws of the State of Florida and a pain management clinic doing business at 3408 W. 84th Street, Suite 309, Hialeah, Florida.

10. Pain Management Clinic #1 was a corporation organized under the laws of the State of Florida and a pain management clinic doing business in Miami, Florida.

11. **ALBERICO AHIAS CRESPO**, a resident of Miami-Dade County, Florida, was a Special Agent with the United States Department of Health and Human Services, Office of Inspector General ("HHS-OIG") and since approximately 2010, was assigned to the SDFL Health Care Fraud Strike Force.

3

## COUNT 1
### Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 846)

12.     The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

13.     Beginning no later than in or around November 2016, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,
JORGE DIAZ GUTIERREZ,
YANDRE TRUJILLO HERNANDEZ,
and
ANAIS LORENZO,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and

4

unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## COUNT 5
### Conspiracy to Commit Witness Tampering
### (18 U.S.C. §§ 1512(b)(3) and (k))

14. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. Beginning no later than in or around September 2019, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,**
**and**
**JORGE DIAZ GUTIERREZ,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and unknown to the Grand Jury, to corruptly persuade another person, and knowingly engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the

6

communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(b)(3); all in violation of Title 18, United States Code, Section 1512(k).

### COUNTS 6-9
### Witness Tampering
### (18 U.S.C. § 1512(b)(3))

16. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. On or about the dates set forth as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as set forth in each Count below, did corruptly persuade, and knowingly engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

|  |  |  |
|---|---|---|
|  |  |  |
| 7 | 7/8/2020 | **ALBERICO AHIAS CRESPO** |
| 8 | 7/17/2020 | **ALBERICO AHIAS CRESPO** |
| 9 | 7/20/2020 | **ALBERICO AHIAS CRESPO** |

## COUNT 10
## Conspiracy to Obstruct Justice
## (18 U.S.C. §§ 1512(c)(2) and (k))

18.     The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19.     Beginning no later than in or around September 2019, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,
and
JORGE DIAZ GUTIERREZ,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and unknown to the Grand Jury, to corruptly otherwise obstruct, influence, and impede an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(2); all in violation of Title 18, United States Code, Section 1512(k).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA